Please the court, unless the court has questions about the actual innocence gateway we're asserting, I'm going to confine my remarks today to equitable tolling. An amusing aside, not so amusing if you're Mr. McBride, but a while back he sent me a copy of a December 2003 issue of a publication called Prison News, and it had a column called Habeas Hints, written by none other than Mr. McBride's paid habeas counsel. One passage about the importance of filing a petition for review in state court caught my eye. Quote, even if the petition for review is denied, filing a timely one keeps the aid for statute of limitations from starting up during the months that the court is considering the petition, and for an extra 90 days after the denial, which, as you might recall, was counsel's principal blunder in calculating the statute of limitations. So he's learned something along the way, and I'm sure Mr. McBride and his family are glad to reflect on it.  because he obviously made a mistake. A bad mistake. Yeah. But the problem is that we have said very, very clearly that negligence, and particularly negligence in miscalculating statute of limitations, does not amount to the kind of extraordinary circumstance that is required to toll the running of the statute. So how do you get around Frye and Spitzin and a bunch of other cases? Well, two ways. One is to say that this case, one is to disagree with the rationale, but primarily one is to say this case is Beeler, this case is Frye, this case is Spitzin, this case is Ford. And the reason it is is because not only did trial counsel not come up with a single correct calculation of the statute of limitations, but he went fishing for two months when, in theory, he could have tried to file Mr. McBride's petition by his positive safe date. Still would have been seven days late, but he wrote Mr. McBride on March 2nd when there was still a chance of filing a timely petition. And he said, well, you know, he didn't talk about the safe date then. He said, well, I'm going to be out of the office, not on vacation, or whatever. He said, I'll get back to you in May. Remember, your last day for filing is June 28th. So I consider that client abandonment. And it's certainly good enough to bring this case within Beeler, where it's really not clear in Beeler just what level of abandonment was at issue, whether trial counsel really had, whether habeas counsel really had acted diligently and had behaved in a good faith way in taking another job and leaving Mr. Beeler to his own devices. It's really, it doesn't suggest that the same level of scurrilousness, as you see arguably in Spitzin, is required for equitable tolling. I think you have a case here where the lawyer made his miscalculation, and he had posited a safe date. And then he took actions that prevented him from filing by the safe date. So I say that's the way to bring this case within Beeler and Ford and Spitzin. Now, I also would disagree with the rationales in that ordinary attorney negligence in miscalculating. Well, yeah, I understand you disagree with it, but of course, we can't change that. Well, I think what we have in Fries, we have a two-page opinion that relies on an opinion from the Seventh Circuit, which relies on ordinary civil malpractice concepts, where the remedy for a disappointed litigant is go sue your lawyer. And we're talking about equity here. And we might be just talking about Mr. McBride's case  And it's fundamental principle of equity that for every wrong, there is a remedy. And that's clearly not the case here. When your lawyer screws, when your habeas counsel screws up, there is no remedy. Now, to the extent that there is room to reach a different result in this case, I think it is highly equitable to say that attorney negligence in miscalculating the filing date, as opposed to attorney negligence in just screwing up and not getting the petition on file, should be grounds for equitable tolling. And the reason is, in these equitable tolling cases, when we're looking at does the petitioner deserve equity, one fundamental thing that we would look at is did the petitioner exercise diligence? Now, when his habeas counsel tells the petitioner correctly, the petition has to be filed under a, by such and such a date, then the petitioner is on notice that the petition has to be filed by such and such a date. And he can monitor the performance of habeas counsel. And at some point, he can call up and say, what are you doing? Like they did in the Spitzen case. Why aren't you helping me out here? There were questions as to whether he did that in a diligent manner. But when, and at some point he can take over and get the petition on file himself by the due date, if it's clear that habeas counsel is dropping the ball.  calculate a statute, correct statute of limitations for filing the petition. And I think in this case, habeas counsel was initially off by probably, he would have had it sometime in late August under his initial miscalculations about when the petition for review was denied. Then his safe date was off by seven days. His outside date was off by three months. When habeas counsel does not give the petitioner a correct statute of limitations date, we don't have an accurate measure of assessing the petitioner's diligence. And the petitioner cannot monitor habeas counsel. I have a question about the petitioner's diligence in the following regard. As I understand it, the petitioner was trying to include unexhausted claims in his petition. And there was some question about whether he would exceed to having something filed with only exhausted claims. Is that a correct understanding of the record? And if so, how does that play into the analysis? Well, there was, habeas counsel was concerned about potentially unexhausted claims. Habeas counsel was concerned about potentially weak claims. I don't know that there's a meaningful difference on the question of petitioner's diligence on a difference of opinion about trial tactics. I think the petitioner has his right to present his case or present his views to habeas counsel about what he thinks is the strongest possible petition to file habeas counsel. They have this give and take, just like every lawyer and every client has. I don't know, I can't tell you whether or not habeas counsel was correct about whether these claims that petitioner wanted to include were exhausted or not. So if I understand your argument correctly, it is that doesn't really have much to do with the timing, because counsel could have filed what he thought was the right thing to file in a timely manner, and maybe they could amend it or argue later about what is. And he certainly could have tried to resolve that on time, even by his own erroneous safe date, rather than taking two months off and in the middle of that, sending Mr. McBride his materials and saying, good luck to you. So I don't think the fact that they had disagreements about the content of the petition really weighs against Mr. McBride's finding that he exercised diligence. Mr. McBride got his petition on file technically, I guess, nine days late, and a couple of months earlier than habeas counsel would have gotten around to filing it. I think that speaks volumes about his diligence. Unless the court has, oh, one further comment I had. I realize that one option, given the state of the record that the court has, would be to remand the case to district court for additional fact-finding development of the record. To the extent the court could depart from that rule, I think this is an appropriate case to do so. Not a case where the circumstances justifying equitable tolling are totally presented in self-serving declarations. The key facts are in habeas counsel's contemporaneous letters to Mr. McBride that no one has questioned the authenticity to. Mr. McBride's diligence as a matter of record, how quickly he got his petition on file after habeas counsel did. So you do or you don't want an evidentiary hearing? Well, I mean, I would like this court, ideally, to say the facts in the appellate record to justify equitable tolling and send Mr. McBride's case back to be heard on the merits. Failing that, it should be sent back to district court for an evidentiary hearing. I'll reserve my remaining time. Good morning, Your Honors. Deputy Attorney General Tom Schiff, a respondent. I'd just like to make four points in response to his claim that he's entitled to equitable tolling based upon attorney's conduct. But before I make those four points, the first point is that, as this court is aware, that equitable tolling is an exceptional remedy. And the test has been described by this court as a high burden. And I think in light of the fact that equitable tolling is such an exceptional remedy, this court should be careful to find, should basically be careful in defining it too greatly. And as to the points here, first, as to the claim of attorney abandonment, I think the record clearly shows that in February 2002, about a month before the period of limitations had run, counsel gave petitioner a draft of the petition. And over about another month's period, petitioner and counsel went back and forth in correspondence and basically by March 16th, petitioner had a copy of a version of the petition, which petitioner himself had agreed could be filed and should be filed. In fact, in one of his letters, he said, let's file it. And so as of March 16th, a week before the period of limitations had run, petitioner had a copy of the petition. And he had a lawyer who was supposed to file it when he said, let's file it. At excerpts of record 355, basically the lawyer gave petitioner that version of the petition plus three copies with detailed instructions for how to file it. All petitioner had to do at that point was to sign it and turn it in. But petitioner decided to try to add unexhausted claims. And also in the letter submitted by petitioner, it's clear that he says something along the lines that myself and counsel were not fighting, but we're basically struggling over the issue of what claims to include. And so as to another aspect of equitable tolling test, the delay here is mostly attributable to petitioner's desire to add unexhausted claims. And another point is that this court in Spitzin held that sufficiently in cases where there's sufficiently egregious attorney misconduct, equitable tolling may be granted. And that was, as I read it, as a narrow exception to the general rule that attorney negligence does not justify equitable tolling. And in Spitzin there's two factors. Number one was in Spitzin they found there was a complete failure of counsel in that case to prepare and file a petition. And as I just discussed here, there was no complete failure. Counsel clearly gave him a version of the petition which was ready for filing before the period of limitations had run. Aside from that, as petitioner raises a second point, which is that he alleges that counsel failed to give him his habeas materials in a timely manner. But he hasn't pointed out what materials counsel had and he also hasn't identified or alleged that he didn't have independent access to those materials like an independent copy of those materials. And I think the fact that the correspondence back and forth between petitioner and his counsel demonstrate that petitioner, number one, was aware of what claims that counsel intended to raise. And those letters also demonstrate that petitioner on his own was able to come up with additional unexhausted claims that he wanted to bring. So I think that those two factors, the complete failure of counsel in Spitzin to prepare and file a petition, and also the fact that in Spitzin that the return of the files impeded the petitioner in that case, those circumstances aren't involved in this case. And as to the miscalculation issue, again, this court has repeatedly held that the miscalculation of the period of limitations is simply ordinary negligence, which does not justify equitable tolling. As to just one quick point as to the actual innocence argument, and that is that he's only claiming actual innocence as to one single sentence enhancement. He's not claiming actual innocence, that he gets the actual innocence gateway as to the underlying guilty convictions. And it seems particularly unfair that his claim of actual innocence as to one sentence enhancement would justify equitable tolling of claims that have nothing to do with that sentence enhancement. And unless the court has any questions, I'll submit on the briefs and argument here. It's fine, thank you. Thank you, Your Honor. Thank you, Your Honor. I think this is a pretty exceptional case where a habeas petitioner in prison manages to prepare and file his own habeas petition two months than the guy who took $5,000 for him for the privilege of serving him would have. Counsel, what is your response to the specific argument that as of March 16th, he had in hand a petition that he could have filed by following his lawyer's instructions, and he could have done it right then? Well, my response to that is that he was having disagreements with his counsel about the content of the petition. He was under the impression that he had until June 28th in which to file this petition, and he filed his petition by, I believe, April 16th, April 9th. They gave him the benefit of the mailbox rule. I don't look at this fact scenario and say that this guy was sitting on his hands and not behaving diligently, which gets into why attorney negligence in miscalculating the statute of limitations as opposed to just not doing the work should be grounds for equitable tolling because it totally screws up the petitioner's, how we evaluate the petitioner's diligence. It's totally unfair to say, well, this guy gave him incorrect advice about the statute of limitations, but he still should have somehow gotten a petition on file in a week when he thought he had three months to do it. On the exceptional aspect, maybe I spend too much time in state court and get too many unpublished opinions, but I don't need a published opinion helping McBride out on my resume. Thank you. Your time has expired. Thank you, counsel. The matter just argued will be submitted. You okay? You okay? You okay with the thing? Yeah. I will hear next. What are we hearing next? Wednesday.
judges: Browning, Rymer, Graber